WM. MERCER'S EX'R *v.* J. W. CALDWELL.

**Judgment—Filing in Vacation.**

The Court of Appeals is not disposed to disregard a judgment filed in vacation, which finds its way into the order book afterwards and is made the judgment by being spread upon the record in connection with the one made at the regular term, since it thereby became a part of the record.

**Appeal—Protracted Litigation.**

Where the litigation has been protracted the Court of Appeals will consider only such errors as affect the substantial rights of the parties.

**Appeal—Partition—When Judgment Will Not Be Disturbed.**

The Court of Appeals will not disturb a judgment of partition, although one party may have received some advantage in the allotment, where the testimony as to the value of the property is conflicting and the advantage is slight.

**Improvements—Rents.**

Where one entered upon land and improved it, he cannot be compelled to account for rents without granting him an allowance for the improvements made by him.

**Costs—Partition.**

In a suit for partition, it was held that the costs should be paid by each party in proportion to the amount of land recovered by each.

**Equity—Practice—Waiver of Rules.**

It is unnecessary in a suit in equity, where the parties waived the rules of practice in the taking of depositions, to state in the bill of evidence that it contains all the parol evidence.

**Landlord and Tenant—Pleading—Value of Rents.**
  An allegation as to the value of rents cannot be taken as confessed.

APPEAL FROM GRAVES CIRCUIT COURT.

September 2, 1873.

OPINION BY JUDGE PRYOR:

The opinion originally rendered in this case seems to have been filed in the court below during its vacation as well as the judgment from which this appeal is prosecuted. The judgment, however, is now a part of the records of the court, made so by an order at a subsequent term. Nor is this court disposed to disregard a judgment filed in vacation when that judgment finds its way on the order book afterwards and is made the judgment by being spread upon the record in connection with the orders made at the regular term, as it then in fact becomes a part of the record. The appellant can not be prejudiced, as the former judgment in the cause affirmed by the opinion of this court required a partition of the land between the parties. The proceedings in the whole case are to some extent irregular, and technical objections could be made upon both sides, but with such a protracted litigation as this seems to have been, this court will look only to such errors as affect the substantial rights of the parties. The material inquiry in this case is, was the partition of the land and the apportionment of rents between the parties litigant fair and just. After looking to all the testimony carefully whilst we are inclined to think that the appellee Caldwell had some advantage in the allotment, still, as it is so slight and the testimony upon the question of the value so conflicting, we are not inclined to disturb the judgment of division. William Mercer entered upon this land many years prior to the institution of this action; it was then of but little value and in a wild state; he cleared and improved the land until that portion of it allotted to the appellee was regarded by many as one of the best farms in Garrard County. The land no doubt was increased to some extent in value by the general improvement and settlement of the country, but all concur in establishing the fact that the clearing up of the lands by Mercer increased them in value from ten to fifteen dollars per acre. The defendants in their answer to the original petition admit the deriva-

tion of appellee's title as to a greater portion of the land but contest his right to it by reason of his adverse possession; that the parties to the record were tenants in common the proof clearly shows and the defense could scarcely be made available to defeat appellee's claim, if conceded to be true. William Mercer, in his answer to his original action, admits that the lands were patented to Daniel Clark, senior, and by him conveyed to Daniel Clark, junior, and by the latter conveyed to Jane Clark and for this reason if no other the court very properly refused to permit the petition of Thomas and Mary Mercer to be filed controverting the title under which their ancestor, the senior Will Mercer, himself claimed. That William Mercer and John Mercer aided by their labor in improving the land by cleaning it up, planting orchards, etc., as much or more than the appellee has lost by not having the use of it we have but little doubt, and it is unjust and inequitable at the termination of this litigation to compel him or his devisees to account for rent and waste in such a sum as will deprive them of any interest in the estate. It must have required the labor of eight or ten years to have given this land any rental value. The land had to be cleared, houses built, and farm enclosed. There was cleared by Mercer on the land allotted to Caldwell 190 acres, houses built, and orchard planted. It will not do to say that Mercer had the right to enter upon these lands and improve them and then require him to account for rents without paying him for his improvements; that his possession of the lands was rightful, and obtained without any tortious entry, as the whole record shows, and therefore in applying a well understood rule of equity in such cases if charged with rents he must be allowed for improvements; in fact, where a tenant in common enters upon land yielding no rent and the land is improved by him, either with his money or labor, he is entitled to the exclusive benefit of the rents and profits. *Nelson's Heirs v. Clay's Heirs,* 7 J. J. Mar. 138. It is fair to infer in this case that the waste with which the appellants are charged consisted in cutting the timber, in clearing and improving the land.

It is not a case in which rent should be charged, and if equitable to charge it, the improvements may be set off against such claim. The appellee claimed in his original petition more land than he was entitled to and this litigation should end by requiring the costs to be paid by each party in proportion to the amount of land recov-

ered by each, and the party in possession of any part of land allotted to others will have to pay rent from the confirmation of the commissioner's report of division.

It is urged by counsel for the appellee that as parol evidence was admitted upon the trial and no bill of evidence filed that this court can not consider any question arising upon the testimony. Time was given to file the bill of evidence until the succeeding term of the court and whether it was so filed is difficult to determine from the record.

Bills of evidence were filed in December, 1871 or 1872, the figures are so blurred as to make it either the one date or the other. This question, however, is immaterial. There is enough in the record to show that the improvements were disallowed and the rents and waste charged.

Nor are we prepared to say that evidence heard by parol in an equity cause may not at any time be reduced to writing in support of a commissioner's report. Whether a part of the evidence has been omitted we can not determine, but it is certainly unnecessary in an equity case where parties waive the right to proceed as the rules of practice require by taking depositions, to say in the bill of evidence that this was all the parol evidence. Unless the mode of proceeding is waived parties must abide the consequences and must seek a reversal or an affirmance of the judgment as is done by both parties in this case upon such technical grounds.

Counsel for appellee also insists that as the amended petition filed fixed the value of the rents and no answer was made thereto the same should be taken for confessed and a much larger sum allowed appellee for rent than has been adjudged in the judgment of the court below. The original petition filed claims rent against these appellants and the answer thereto sets up as an equitable set-off the improvements made upon the land. The amended petition contained no more than the original petition on this subject except that in the amendment the value of the rent is fixed. The allegation of value can not be taken for confessed. The judgment is reversed so far as it charges appellants with rent and waste and affirmed as to the division of the land. The cause is remanded with directions to dismiss the claim for rent and waste

as well as the counterclaim for improvements, and for further pro-
ceedings consistent with this opinion.

*Rodman, for appellant.*

*Bigger & Moss, Williams, for appellee.*